# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL E. RUCKER,
RUCKER DETECTIVE AGENCY,

            Plaintiffs,

            Case No. 08-C-916

   -vs-

STEVEN M. GLOE, MARK A. HERMAN,
CAMILLE J. MAJOR, CLAUDIA B. MIRAN,
THEODORE D. NEHRING,

            Defendants.

# DECISION AND ORDER

    Carl Rucker, d/b/a Rucker Detective Agency, brought this action *pro se* alleging that the defendants violated his constitutional rights over an extended period of time in relation to his detective agency, which is licensed under Wisconsin law by the Department of Regulation and Licensing ("DRL"). In May of 2010, the Court issued an order dismissing all of Rucker's claims except his equal protection claim against five of the original defendants. The remaining defendants now move for summary judgment.

    Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003). Although the Court will draw inferences in favor of the non-moving party, the Court is not required to draw every conceivable inference from the record. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). "Inferences that are supported only by conjecture or speculation will not defeat a summary judgment motion." *Id.*

Rucker claims that the defendants, acting under authority of Wisconsin law, conducted a discriminatory investigation into his detective agency, resulting in an excessive fine and a general loss of business. On its face, as the Court previously observed, this basic allegation states an equal protection claim. However, in order to defeat summary judgment and proceed to trial, Rucker must come forward with evidence suggesting that the defendants treated him differently from others who were similarly situated. *Hedrich v. Bd. of Regents of Univ. of Wis. Sys.*, 274 F.3d 1174, 1183 (7th Cir. 2001). Rucker also must present evidence that the defendants treated him differently because he is black. *Id.*; *Herro v. City of Mil.*, 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual"). Rucker fails in both respects.

The only evidence provided by Rucker is his own affidavit and some supporting exhibits. Rucker avers that defendant Steven M. Gloe "formed a network of bigots, each

supporting the other. None would stand for justice and fair play." Defendants "maintained false and misleading information on Carl E. Rucker and Rucker Detective Agency's records which discouraged State Government from doing business with Rucker and RDA which give agents such as defendants an excuse needed to deny business with State Government." Rucker claims that he was prosecuted only because of his race, while "majority (white-owned) business do not experience such behavior from defendants." Rucker does not offer any examples of similarly situated white detective agencies that received more favorable treatment. Instead, he avers that the defendants "produced no evidence that white detective agencies were so harshly disciplined for one minor infraction."

It is well-established that "self-serving affidavits without factual support in the record do not create an issue of material fact." *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). This is not to say that such affidavits are insufficient merely because of their self-serving nature. "After all, most affidavits submitted for these purposes are self-serving. Instead, these affidavits fail to thwart summary judgment because they are not based on personal knowledge" as required by the Federal Rules of Evidence and Civil Procedure. *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). Although personal knowledge may include reasonable inferences, those inferences must be "grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991). Ultimately, Rule 56 requires "something more specific than the bald assertion of the general truth of a particular matter, rather it requires

affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998).

Rucker's attempt to defeat summary judgment is based upon unsupported speculation, not affidavits supported by personal knowledge. Rucker's bald assertion that the defendants were motivated by race is insufficient to create a genuine issue of material fact. *See Payne* at 772 (collecting unsuccessful attempts to defeat summary judgment by speculating as to defendants' state of mind). Moreover, Rucker provides no evidence that similarly situated white-owned and operated detective agencies were treated more favorably than he was treated. Rucker cannot defeat summary judgment by shifting the burden of production to the defendants. Summary judgment is the "put up or shut up" moment in a lawsuit "when a party must show what evidence [he] has that would convince a trier of fact to accept [his] version of events." *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). Rucker has no evidence.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Defendants' motion for summary judgment [D. 81] is **GRANTED**; and

2. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment for the defendants.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2011.

        **SO ORDERED,**

        *s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**